UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ISAIAS MATIAS-ESCALANTE,

        Petitioner,

v.                                  Case No. 2:26-cv-412-JES-NPM

WARDEN OF GLADES COUNTY
DETENTION CENTER, et al.,

        Respondents.
_____

## **ORDER**

This matter comes before the Court on Matias-Escalante's Motion to Enforce Habeas Order and for Immediate Release (Doc. 11). Respondents filed a Response (Doc. 14) taking the position that the motion should be denied for lack of subject matter jurisdiction.

The Court issued an Opinion and Order (Doc. 9) granting the Petition for Writ of Habeas Corpus (Doc. 1) and directing respondents to either provide petitioner with statutory process, which includes a merit-based bond hearing, or to release him under reasonable conditions of supervision. Respondents state that ICE complied, and the Immigration Judge conducted a bond hearing on March 16, 2026. (Doc. 14, p. 1). Petitioner was denied bond

based on "multiple and serious traffic offenses" posing a danger and flight risk. (Doc. 11, p. 2).

The district court lacks subject matter jurisdiction to review the correctness of the immigration judge's decision to deny bond. "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e). Petitioner's remedy for any alleged error by the immigration judge in the bond denial is to appeal that decision pursuant to the normal appellate procedures, for which there is a government form (Form EOIR-26) available to Petitioner.

Accordingly, it is now

**ORDERED:**

The Motion to Enforce Habeas Order and for Immediate Release (Doc. 11) is **DENIED.**

**DONE AND ORDERED** in Fort Myers, Florida on March 25, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

2